**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NAKISSA MIRAKHORI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-1020-P** |
| | § | |
| **U.S. DEPARTMENT OF EDUCATION, ET AL.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

On August 17, 2026, *pro se* Plaintiff Nakissa Mirakhori ("Mirakhori") filed a Complaint [doc. 1] against Defendant U.S. Department of Education ("Department of Education"). In an order dated August 25, 2026, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 8]. Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

On September 15, 2026, based on the screening provisions set forth above in 28 U.S.C. 1915(e)(2)(B), the Court order Plaintiff to file an Amended Complaint [doc. 10]. In the order, the Court stated:

> After reviewing the Complaint, the Court cannot ascertain whether Plaintiff has stated claims upon which relief may be granted. While unclear, Plaintiff appears to be bringing at least one or more claims under 18 U.S.C. 242, which is a federal criminal statute. However, this section does not provide a private cause of action. *See Lara v. Unknown U.S. Marshal*, No. 1:24-cv-00188, 2025 WL 1521354, at *4 (S.D. Tex. Apr. 10, 2025).

Court's September 15, 2026 Order Directing Plaintiff to File a Form Amended Complaint at 1 ("Court's September 15, 2026 Order.) The Court further stated, "Plaintiff is advised that[,] once the form amended complaint with any attachment pages is filed, the Court will look **only** to that document and any attachment pages in reviewing [Plaintiff's] claims." (*Id.* at 2 (emphasis in original).)

Plaintiff filed an Amended Complaint on September 22, 2026 [doc. 15] against the Department of Education and also added Sallie Mae Loan Servicer ("Sallie Mae") as a Defendant.[1] As the basis for federal question jurisdiction, Plaintiff lists the following: "18 U.S.C. 242, Penal code: 28.03, Penal Code 32.42 and anti trust laws." (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 3.) In the Statement of Claim section of her Amended Complaint, Plaintiff states:

> Evidence has been provided establishing there has been factual established court cases clearly showing damages against the plaintiff, in addition more violations including deceptive trade practice and predatory lending. * Giving misleading information about loan terms" Pushing borrowers into unnecessary forbearance instead of more beneficial repayment plans*Aggressive or deceptive marketing practices[.]

(*Id.* (mistakes in original).)

[1] The Court notes that Plaintiff, on September 21 and September 22, 2026, successively filed three Amended Complaints [docs. 11, 12, 13]. The Court struck and unfiled these Amended Complaints [docs. 14, 16] as it appeared, based on the most recent Amended Complaint filed by Plaintiff (and being considered by the Court in this order) [doc. 15], that the first three Amended Complaints that were filed were missing pages.

Having reviewed the Amended Complaint [doc. 15], the Court finds that Plaintiff has, *inter alia*, failed to state a claim on which relief may be granted. In this case, it appears that Plaintiff is attempting to proceed against Defendants in this case under 18 U.S.C. § 242 and/or various provisions of the Texas Penal Code. (Pl.'s Am. Compl. at 3-4.) However, as previously pointed out to Plaintiff, 18 U.S.C. § 242, which is a federal criminal statute, does not provide a private cause of action. *See Lara*, 2025 WL 1521354, at *4. In addition, Plaintiff cannot proceed under the Texas Penal Code because "a private party, [has] no standing to bring a claim . . . under the Texas Penal Code." *Smith v. HSBC Bank*, 669 F. App'x 224, 225 (5th Cir. 2016); *Lyon v. Gray*, No. 3:19-cv-00542-G-BT, 2019 WL 7596238, at * 2 (N.D. Tex. Dec. 20, 2019), *rep. and rec. adopted*, 2020 WL 238099, at *1 (N.D. Tex. Jan 14, 2020). Furthermore, federal agencies like the Department of Education generally have sovereign immunity from private suits and Plaintiff does not point to any specific statute as the basis for a waiver of such immunity. *See, e.g.*, *Shakir v. United States Dep't of Educ.*, No. H-14-2326, 2016 WL 7279077, at *2 (S.D. Tex. Feb. 29, 2016).

However, even assuming that the Department of Education did not have sovereign immunity, Plaintiff has failed to state a claim under the antitrust statutes against both the Department of Education and Sallie Mae. As noted by the Court in its September 15, 2026, Order, a plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (internal quotation marks omitted)). In this case, Plaintiff fails to specify under what antitrust laws she is suing, instead generally alleging that the antitrust laws "are a collection of federal and state statutes designed to protect consumers from predatory business practices and ensure fair economic

competition." (Pl.'s Am. Compl. at 6 (emphasis omitted).) Such a general allegation is insufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See*, *e.g.*, *Cuadros v. Am. Airlines*, No. 4:25-CV-1324-P, 2026 WL 942670, at *1-2 (N.D. Tex. Mar. 23, 2026), *rep. and rec. adopted*, 2026 WL 940861, at *1 (N.D. Tex. Apr. 7, 2026).

Moreover, even assuming that Plaintiff had specified what antitrust statute(s) she was suing under, Plaintiff makes only general conclusory accusations against Defendants. For example, Plaintiff claims that Sallie May overcharged military servicemembers and settled a case in 2014 brought by the United States Department of Justice and that Navient, which was allegedly formerly part of Sallie May, was ordered "to pay $120 million and barred," *inter alia*, from servicing federal student loans. (Attachments to Pl.'s Am. Compl. [doc. 15-2] at 1; *see also* Attachments to Pl.'s Am. Compl. [doc. 15-4] at 1-3.)[2] In addition, Plaintiff, *inter alia*, attaches a statement to her Amended Complaint that, while not indicating its source, shows that she owes $9,817.33 in two loans. (Attachments to Pl.'s Am. Compl. [doc. 15-3] at 1.) Plaintiff also attaches a Financial Activity Report as of 03/16/2026 from the "Attorney General of Texas—Child Support Division" that shows the total arrears that she is owed on her account is $7,582.04. (Attachments to Pl.'s Am. Compl. [doc. 15-5] at 1-29.) However, these statements and attachments fail to state a claim upon which relief can be stated as Plaintiff fails to, *inter alia*, plead specific, non-conclusory facts: (1) setting forth how each Defendant was personally involved in Plaintiff's alleged harm and (2) identifying the specific legal claim(s) and which applies to each Defendant. *See*, *e.g.*, *Bohannan v. Williams*, No. 1:20-CV-252, 2022 WL 22822971, at *1 (E.D. Tex. Oct. 19, 2022); *Parker v. Shemwell*, No. 08-1622, 2019 WL 211708, at *2 (W.D. La. Jan. 28, 2009).

[2] It is clear that Plaintiff used Artificial Intelligence in drafting portions of her Amended Complaint. *See, e.g.*, Attachments to Pl.'s Am. Complaint [doc. 15-4] at 1-3.) However, Plaintiff failed to comply with Local Civil Rule 7.2 by disclosing such fact in her Amended Complaint.

Based on the foregoing, the Court **FINDS and CONCLUDES** that Plaintiff has, at the very least, failed to state a claim on which relief may be granted against Defendants. Because Plaintiff is proceeding *pro se*, her pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Amended Complaint [doc. 15] could result in a legally cognizable claim in this Court. Moreover, Plaintiff has already been given an opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d

1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 7, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 23, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE